IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB SILVA,

      Plaintiff,

v.                                                                             No. 1:25-cv-00405-DHU-JMR

FNU LNU,

      Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from an incident that happened on March 28, 2025.  *See* Complaint for Violation of Civil Rights at 5, Doc. 1, filed April 29, 2025 ("Complaint").  *Pro se* Plaintiff does not explain what happened other than stating the incident resulted in injuries to his back and wrist and damage to his car.  *See* Complaint at 12.  Plaintiff alleges that Federal Marshals "gave me tort claim & addmidted [sic] fault."  Complaint at 5.  Plaintiff attached a "Claim for Damage, Injury, or Death" form addressed to the U.S. Marshals Service which Plaintiff signed on April 4, 2025.  *See* Complaint at 12.  The Complaint does not name any defendants.

    United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff:

> It appears that Plaintiff may be asserting a tort claim pursuant to the Federal Tort Claims Act based upon the actions of United States Deputy Marshals.  "The Federal Tort Claims Act [FTCA] ... provides generally that the United States shall be liable, to the same extent as a private party, 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'"  *Ecco Plains, LLC v. United States*, 728 F.3d 1190, 1195 (10th Cir. 2013) (quoting *Kosak v. United States,* 465 U.S. 848, 851–52, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984) (quoting 28 U.S.C. § 1346(b)).
>
> It appears the Court should dismiss the Complaint for lack of subject matter jurisdiction because "[t]he United States is the only proper defendant in a federal tort claims action" and Plaintiff has not named the United States as a defendant.  *Gaines v. Pearson*, 516 Fed.Appx. 724, 726 (10th Cir. 2013) (concluding that the

district court lacked subject matter jurisdiction of plaintiff's [Federal Tort Claims Act] claim against the federal defendants; the United States is the only proper defendant and plaintiff had not named the United States) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).

Furthermore, the Federal Tort Claim Act ("FTCA") "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)). The FTCA states, in relevant part, that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). This exhaustion requirement is "jurisdictional and cannot be waived." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016). "In other words, the FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has previously submitted a claim for damages to the offending agency, because Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016). Plaintiff signed his claim form addressed to the United States Marshals Service on April 4, 2025, but there are no allegations in the Complaint showing that Plaintiff submitted the claim to the United States Marshals Service or that the United States Marshals Service denied Plaintiff's claim.

Order to Show Cause at 2-4, Doc. 5, filed May 1, 2025. Judge Rozzoni ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause at 6 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause or file an amended complaint by the May 22, 2025, deadline.

2

The Court concludes it does not have jurisdiction over this case because the Complaint does not contain sufficient allegations to support jurisdiction and Plaintiff did not respond to Judge Rozzoni's Order to Show Cause. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**